MICHAEL DONAHOE
Senior Litigator
Federal Defenders of Montana
Helena Branch Office
P.O. Box 250
Helena, Montana 59601-0250
Phone: (406) 449-8381
Fax: (406) 449-5651
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**HELENA DIVISION**

| UNITED STATES OF AMERICA, | Case No. CR 10-13-H-CCL |
|---|---|
| Plaintiff, | **BRIEF IN SUPPORT OF MOTION TO ENLARGE TIME FOR PRETRIAL MOTIONS AND TO VACATE NOVEMBER 8, 2010 TRIAL DATE** |
| vs. | |
| SHAWN MATTHEW RUSSELL, | |
| Defendant. | |

COMES NOW the defendant through his undersigned counsel and offers this brief in support of his motion for an enlargement of time for pretrial motions and a new trial date.

# BRIEF

Under *Armant v. Marquez*, 772 F.2d 552 (9th Cir. 1985) and the *Speedy Trial Act* the court is empowered to grant additional time for trial preparation and pre-trial work-up if certain circumstances exist. *Marquez* says that a continuance can be granted when the defense has been diligent in seeking it; and where a continuance would be useful and not inconvenient. *Marquez*, 772 F.2d at 557. Also the Court is challenged to consider whether not granting the continuance would be prejudicial to the defendant. *Id.* The defense has been diligent in trying to understand the case and get it ready for trial. But after our initial review it is evident that more work is required. This case is unique and complex both in the way it presents and in its investigative demands.

A continuance certainly would be useful. As outlined in our motion there are several areas that need more attention for adequate pretrial preparation. Nor does it appear that a continuance will be inconvenient. The government does not oppose, and although the additional time requested would likely put the trial sometime in December or January the compelling interest in defense preparation outweighs the need for a trial within 70 days under the Speedy Trial Act.

Finally, Mr. Russell would undoubtedly be prejudiced by denial of a continuance. Assuming defendant can mount an effective attack on A.S.'s age as an irrebuttable presumption the overall context of the case would change to allow

for evidence of A.S.'s real relationship with the defendant to come before the jury.

## CONCLUSION

WHEREFORE, the defense prays for an enlargement of time for pretrial motions to and including November 1, 2010 and for vacation and resetting of the trial date to some convenient time after the motions process is completed.

RESPECTFULLY SUBMITTED October 7, 2010.

    /s/ Michael Donahoe
MICHAEL DONAHOE
Senior Litigator
Counsel for Defendant

# CERTIFICATE OF SERVICE
## L.R. 5.2(b)

I hereby certify that on October 7, 2010, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| __1__ | CM-ECF |
| ____ | Hand Delivery |
| __1__ | Mail |
| ____ | Overnight Delivery Service |
| ____ | Fax |
| ____ | E-Mail |

1. CLERK, UNITED STATES DISTRICT COURT

1, 2. Marcia Hurd
United States Attorney's Office
P.O. Box 1478
Billings, MT 59103
    Counsel for the United States of America


    /s/ Michael Donahoe
FEDERAL DEFENDERS OF MONTANA