MARCIA HURD
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 1478
Billings, MT 59103
2929 Third Ave. North, Suite 400
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
E-mail: Marcia.hurd@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHAWN MATTHEW RUSSELL,<br><br>Defendant. | CR 10-13-H-CCL<br><br>UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM |
|---|---|

The United States by and through its counsel of record, Marcia Hurd, Assistant United States Attorney for the District of Montana hereby files the United States' Response to Defendant's Sentencing Memorandum.

Russell argues that the Court should consider sentences imposed in state court for cases involving sexual relationships with underage age girls, thus invalidating the advisory guideline range in this case. He has attached a list of cases from Montana's state district courts, listing the age of the defendant, age of the victim, length of offense and sentence, along with the county and case number. It is impossible to know anything about the actual facts of each case, about the defendant himself, or the reasons for the sentences imposed, or even how they compare to Shawn Russell. It appears however, that none of them involved interstate travel and transportation, nor did they involve child pornography offenses.

Before *Booker*, this Court held that it was an abuse of discretion for a sentencing court to consider the disparities between the federal and state system. *See United States v. Williams*, 282 F.3d 679, 681-82 (9th Cir. 2002). Simply put, there is no way to take account of a

disparity with the state system without thereby creating disparities within the federal system. For example, sex offenders in Montana would get a certain treatment, but sex offenders in some other states would not – creating disparity between federal offenders.

The reasoning of *Williams* still applies after *Booker*. It is true it is still an open question within the Ninth Circuit. In *United States v. Ringgold*, 571 F.3d 948, 952 (9th Cir. 2009), the Court held that a district court is not required by § 3553 to consider comparable state sentences. The Court went on to note that since the district court did not rely on the federal-state sentencing disparity, they need not address the government's argument that the district court may never consider a state sentence. Further, in *United States v. Nevils*, 598 F.3d 1158, 1171 (9th Cir. 2010), the Court reiterated that this Circuit has not yet addressed the question.

However, six circuits have addressed the question since *Booker*, and all six have agreed that it is unreasonable for a district court to deviate based upon some perceived disparity with how the state court system would have dealt with the defendant; several of these cases cite and rely upon *Williams*. *See United States v. Malone*, 503 F.3d 481,

(6th Cir. 2007); *United States v. Wurzinger*, 467 F.3d 649, 654 (7th Cir. 2006); *United States v. Branson*, 463 F.3d 1110, 1112 (10th Cir. 2006); *United States v. Jeremiah*, 446 F.3d 805, 808 (8th Cir. 2006); *United States v. Clark*, 434 F.3d 684, 686-87 (4th Cir. 2006); *United States v. Dowdy*, 216 Fed. Appx. 178, 181-82 (3d Cir. 2007) (unpublished). All use the underlying reasoning of the specific language in § 3553(a)(6) that requires that the court consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct – which has been taken by courts to mean federal defendants, not state defendants. As Russell's sentencing memorandum points out, states vary widely in criminalization of sexual activity. Therefore, sentencing for similarly situated federal defendants could vary widely depending upon the state in which their federal court sits. That would be a specific violation of § 3553(a)(6).

In addition, the cases which Russell uses as comparison do not include the possession of child pornography, something for which he is also being sentenced and for which his guideline range was increased.

Russell also requests that he not be required to register as a sexual offender. However, registration is mandatory given the nature of his offenses. Russell pled guilty to traveling in interstate commerce with the intent to have illicit sexual contact with a minor and possession of child pornography. Because of those pleas, he is a "sex offender" who has been convicted of a "sex offense" as defined in 41 U.S.C. § 16911 and is thus required to register under 42 U.S.C. § 16913. Russell confuses the Montana state "level" designations based upon dangerous after sexual offender evaluation with the Federal "tier" designations based upon the statute of conviction. Russell may very well be a Level 1 offender under Montana's sexual offender registration status based upon his level of dangerousness after evaluation, but he is classified a Tier II offender under SORNA based upon his statute of conviction.

Finally, Russell asks for a downward departure based upon U.S.S.G. § 5K2.10, which allows the court to consider reducing the sentence below the advisory guideline range "if the victim's wrongful conduct contributed significantly to provoking the offense behavior." The guideline also notes that "Victim misconduct ordinarily would not

be sufficient to warrant application of this provision in the context of offenses under Chapter Two, Part A, Subpart 3 (Criminal Sexual Abuse). In addition , this provision usually would not be relevant in the context of non-violent offenses."

As noted by Russell himself, this is a case involving sexual offenses; while it might not specifically fall under Chapter Two, Part A, Subpart 3, it of the same type of sexual case and thus § 5K2.10 would not be applicable to this case. In addition, the offenses to which Russell pled are non-violent offenses, so again it is not applicable.

The United States recommends a sentence of 63 months, the low end of the advisory guideline range, followed by ten years supervised release.

DATED this 19th day of April, 2011.

>MICHAEL W. COTTER
>United States Attorney
>
>*/s/ Marcia Hurd*
>Assistant U.S. Attorney
>Attorney for Plaintiff

# CERTIFICATE OF COMPLIANCE

I hereby certify that the United States' Response To Defendant's Sentencing Memorandum is in compliance with Local Rule 7.1(d)(2) (as amended) and CR 12.1(e). The brief's line spacing is double spaced, with a 14 point font size and contains less than 6,500 words.

DATED this 19th day of April, 2011.

> <u>*/s/ Marcia Hurd*</u>
> Assistant U.S. Attorney
> Attorney for Plaintiff

S:\crim\2010R00332\United State's Response to Defendant's Sentencing Memorandum.wpd

7