MARCIA HURD
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 1478
Billings, MT 59103
2929 Third Ave. North, Suite 400
Billings, MT 59101
Phone: (406) 247-4631
FAX: (406) 657-6058
Email: marcia.hurd@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

LODGED
NOV 29 2010
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, HELENA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. SHAWN MATTHEW RUSSELL, Defendant. | CR 10-13-H-CCL PLEA AGREEMENT |
|---|---|

AUSA  Def  Def Atty

1

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Marcia Hurd, Assistant United States Attorney for the District of Montana, and the defendant, Shawn Matthew Russell, and his attorney, Michael Donahoe, have agreed upon the following:

1. The defendant acknowledges that he has been charged in the Indictment in this case with violations of 18 U.S.C. §§ 2251(a); 2422(b); 2423(a); 2423(b); and 2252A(a)(5)(B). Also included is a forfeiture allegation pursuant to 18 U.S.C. § 2253(a).

2. The defendant has read the charges against him contained in the Indictment and those charges have been fully explained to him by his attorney.

3. The defendant fully understands the nature and elements of the crimes with which he has been charged.

4. The defendant will enter a voluntary plea of guilty to Counts IV and V of the Indictment in this case. Defendant will also agree to the forfeiture allegation contained in the Indictment in this case. Defendant further agrees to withdraw all pending motions currently



AUSA  Def  Def Atty

before the Court.

5.  *Nature of the Agreement*: The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided a) the United States moves to dismiss, and the Court agrees to dismiss, Counts I, II, and III of the Indictment as provided in ¶16, and b) makes the recommendations contained in ¶14. The defendant understands that if the agreement is accepted by the Court, and Counts I, II, and III are dismissed, he will not have an automatic right to withdraw his plea even if the Court does not accept or follow the recommendations made by the United States. Rule 11(c)(3)(B), (d)(2)(A), *Federal Rules of Criminal Procedure*.

*Effect of Withdrawal from the Agreement:* The parties stipulate and agree that if the defendant moves to withdraw his guilty plea, entered pursuant to and receiving the benefits of this agreement, and if he successfully withdraws his plea either in the district court or on appeal, that this agreement will become null and void.

AUSA  Def  Def Atty

3

Moreover, if the defendant at any time after judgment is entered obtains dismissal, reversal or remand of the count or counts of conviction for any reason, the United States will be permitted, by agreement of the parties, to restore all original charges either dismissed or not filed pursuant to this plea agreement. The defendant, in that circumstance, expressly waives any claim of double jeopardy or right to have this agreement enforced. In such event, the defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act, or any other potential restriction on the re-institution of counts dismissed, or institution of counts surrendered, as part of the consideration given by the prosecution in this agreement.

6. *Admission of Guilt:* The defendant will plead guilty because he is in fact guilty of the charges contained in Counts IV and V of the Indictment.

In pleading guilty to Count IV, the defendant acknowledges that in approximately December 2009, in Helena, in the State and District of Montana, and elsewhere including Oregon and Washington, the




AUSA   Def   Def Atty

4

defendant, SHAWN MATTHEW RUSSELL, traveled in interstate commerce for the purpose of engaging in any illicit sexual conduct, that is, MCA § 45-5-503, Sexual Intercourse Without Consent, in violation of 18 U.S.C. § 2423(b).

In pleading guilty to Count V, the defendant acknowledges that on or about August 17, 2010, at Helena, in the State and District of Montana, the defendant, SHAWN MATTHEW RUSSELL, knowingly possessed computer files containing an image or images of child pornography that had been shipped, or transported using any means or facility of interstate or foreign commerce, being the internet and computer, or that was produced using materials that had been mailed, shipped or transported in and affecting interstate or foreign commerce by any means, in violation of 18 U.S.C. § 2252A(a)(5)(B).

In admitting to the forfeiture allegation, the defendant acknowledges that as a result of the commission of the crimes described in Counts IV and V above, and upon his conviction, the defendant, Shawn Matthew Russell, shall forfeit to the United States, all right, title and interest in the following described property that represents

AUSA    Def    Def Atty

5

property used to commit that offense:

> generic CPU s/n 010805120212
> Asus Netbook laptop computer s/n 890AAQ454620
> Vizio moniter with TV cards s/n LPAFNAK27003G3

7. *Maximum Punishment Provided by Law:* The defendant understands Count IV to which he will plead guilty carries a maximum sentence of up to thirty years imprisonment and a $250,000 fine. Further, the defendant acknowledges that the crime to which he is entering a plea is a Class B felony pursuant to 18 U.S.C. § 3559(a)(2) which provides for a minimum term of five years up to life of supervised release. 18 U.S.C. § 3583(k).

The defendant understands Count V to which he will plead guilty carries maximum sentence of up to 10 years imprisonment and a $250,000 fine. Further, the defendant acknowledges that the crime to which he is entering a plea is a Class C felony pursuant to 18 U.S.C. § 3559(a)(3) which provides for a minimum term of five years up to life of supervised release. 18 U.S.C. § 3583(k).

The defendant also understands that restitution to the victim for Count V is mandatory. 18 U.S.C. § 3663A(c)(1).

AUSA   Def   Def Atty

8. *Elements of the Charge:* The defendant has been advised of the nature of the charges made against him and the elements of the crimes to which he is entering a guilty plea. The defendant understands that if the case were to go to trial the government would be required to prove each and every element of the crimes. He further acknowledges that these are the elements of the crimes charged in Counts IV and V of the Indictment:

**TRAVEL WITH INTENT TO ENGAGE IN ILLICIT SEXUAL CONDUCT WITH A MINOR - COUNT IV**

First, that defendant traveled in interstate commerce;

Second, the purpose of the interstate commerce was to engage in any illicit sexual conduct with another person.

**POSSESSION OF CHILD PORNOGRAPHY - COUNT V**

First, that defendant knowingly possessed computer disks or any other material which defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

Second, defendant knew the visual depictions contained in the computer disks or any other material contained minors engaged in sexually explicit conduct;

Third, defendant knew that production of such visual depictions involved use of minor in sexually explicit conduct; and



AUSA    Def    Def Atty

7

Fourth, that each visual depiction had been either

    (a)    mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or

    (b)    produced using material that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer.

**FORFEITURE ALLEGATION**

That certain property or proceeds were used to facilitate the commission of the offenses in Counts IV and V of the Indictment.

The defendant understands that by entering a guilty plea, the government will not be required to present proof of his guilt and the elements recited herein because there will be no trial if the Court accepts his plea of guilty and the plea agreement of the parties.

9. *Recitation of Rights:*

(a) During the entry of any plea pursuant to this plea agreement, the government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives during any such plea colloquy.

(b) If the defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy

    AUSA    Def    Def Atty

8

trial. The trial could be either a jury trial or a trial by the judge sitting without a jury.

(c) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(d) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(e) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt

AUSA        Def        Def Atty

9

beyond a reasonable doubt.

(f) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence in his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(g) At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If the defendant desired to do so, he could testify in his own behalf.

(h) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal his conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle him to reversal of the conviction.

AUSA    Def    Def Atty

10

(i) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*. By his execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

10. *Waiver of Rights by Plea:* The defendant understands that by pleading guilty pursuant to this agreement, he is waiving all the rights set forth in the prior paragraph. The defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

11. *Mutual Conditional Waiver of Appeal:* The defendant acknowledges that 18 U.S.C. § 3742(a) affords him the right to appeal the sentence imposed in this case. The prosecution has a comparable right of appeal provided in 18 U.S.C. § 3742(b). By this agreement the defendant waives his right to appeal the reasonableness of the sentence if the defendant has no objection to the calculation of the guidelines and the sentence imposed is within or below the range provided for by that

AUSA          Def     Def Atty

11

calculation. The United States waives its right to appeal the reasonableness of the sentence if it has no objection to the calculation of the guidelines and the sentence imposed is within or above the range provided for by that calculation.

12. *Megan's Law/Adam Walsh Act Notice*: The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under



AUSA    Def    Def Atty

federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

13. *Forfeiture:* Defendant agrees to forward to the United States immediately and voluntarily any and all assets and property or portions thereof subject to forfeiture pursuant to 18 U.S.C. § 2253 which are in the possession or control of the defendant or his nominees. The assets to be forfeited specifically include the following:

> generic CPU s/n 010805120212
> Asus Netbook laptop computer s/n 890AAQ454620
> Vizio moniter with TV cards s/n LPAFNAK27003G3

14. *Recommendations:* The United States and the defendant reserve all right, without condition, to make any appropriate sentencing recommendation.

The defendant agrees to withdraw all motions that are currently pending before the Court.

The defendant agrees to obtain and pay for a sexual offender evaluation from a provider acceptable to the U.S. Probation Office, which will include behavioral testing and a polygraph examination to determine the accuracy of the information given to evaluators. The

AUSA   Def   Def Atty

13

defendant agrees that all results of evaluation and testing will be released, upon their request, to the Court, United States Attorney's Office and the United States Probation Office. The defendant expressly and specifically waives any medical or other privacy right, privilege, or objection to such disclosure. The defendant will successfully complete any treatment recommended and will as register, as required by law, as a sexual offender. The defendant agrees to have no contact with minor children except as approved by his probation officer and sexual offender treatment provider. The defendant and the United States stipulate and agree, if the Court accepts this agreement, that the terms outlined in this provision will be made a part of the judgment in this case.

**The United States reserves the right to object to or comment upon the applicability, or inapplicability, of any adjustment or enhancement to be used in the advisory sentencing guideline calculation. The United States further reserves the right to object to a sentence outside the advisory guideline range determined by the Court. The United States**

AUSA  Def  Def Atty

14

will object to making any term of incarceration imposed in this case concurrent to any other sentence the defendant may be serving.

Both parties acknowledge that the Court is not bound by the recommendations of either party, and may sentence the defendant to a sentence anywhere within the advisory Guideline range or may impose any reasonable sentence outside that guideline range.

Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

15. *Effect of Early Decision:* If the defendant otherwise qualifies for a two level adjustment for acceptance of responsibility, and his offense level is 16 or greater, and if the defendant files this agreement or a Motion for Change of Plea Hearing at least 14 days prior to the date now set for trial, the United States will move the Court at the time of sentencing to award the defendant an additional point for

AUSA　Def　Def Atty

acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

16. *Non-Prosecution or Dismissal:* Upon acceptance of this agreement by the Court, the United States Attorney for Montana shall cause to be dismissed with prejudice Counts I, II, and III and shall bring no further action against Shawn Matthew Russell based upon the facts alleged in this indictment. Both parties acknowledge that the prosecution has no authority to bind the U.S. Probation Office or the Court with respect to guideline enhancements or adjustments they deem appropriate.

17. *Voluntary Plea:* The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement to induce the defendant to plead guilty.

18. *Special Assessment/ Financial Obligations:* The defendant recognizes that he will be responsible for a mandatory assessment of $100 per each count of conviction pursuant to 18 U.S.C. § 3013 of the Comprehensive Criminal Control Act. The defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties



AUSA    Def    Def Atty

are imposed by the Court will be due and payable immediately, and subject to immediate enforcement by the United States. Furthermore, the defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

19. *Detention/Release After Plea*: Pursuant to 18 U.S.C. § 3143(a)(2), the defendant acknowledges that he will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted *or* (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed *and* (B) the Court finds, by clear


AUSA  Def  Def Atty

17

and convincing evidence, that he is not likely to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, the defendant may be released upon conditions.

20. *Entire Agreement:* Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.**

MICHAEL W. COTTER
United States Attorney

for MARCIA HURD
Assistant U. S. Attorney
Date: 11-29-10

AUSA    Def    Def Atty

18

*Shawn M Russell*
SHAWN MATTHEW RUSSELL
Defendant
Date: 11-24-10

*Michael Donahoe*
MICHAEL DONAHOE
Defense Counsel
Date: 11-29-10