**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**HELENA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-10-13-H-BMM |
| Plaintiff, | |
| vs. | **ORDER** |
| SHAWN MATTHEW RUSSELL, | |
| Defendant. | |

Defendant Shawn Matthew Russell has moved for early termination of his current term of supervised release. (Doc. 81.) The Government takes no position in support of, or opposition to, Russell's Motion. (Doc. 82 at 4.) The Court conducted a hearing on Russell's Motion on January 9, 2022. (Doc. 84.) For the reasons below, the Court will grant Russell's Motion.

On September 15, 2010, Mr. Russell was indicted in the District of Montana on five counts of Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a) (Count I); Coercion and Enticement, in violation of 18 U.S.C. § 2422(b) (Count II); Transportation of a Minor with Intent to Engage in Criminal Sexual Activity, in violation 18 U.S.C. § 2423(a) (Count III); Travel with Intent to Engage in Illicit Sexual Conduct with a Minor, in violation of 18 U.S.C. § 2423(b) (Count IV); and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count V). (Doc 82 at 2.) Russell pled guilty to Count IV. (*Id*.)

The Court sentenced Russell for a term of 37 months imprisonment, followed by 120 months of supervised release. (*Id*.) Russell served the 37-month prison term, and his supervision began on September 8, 2013. (*Id*.)

The Court revoked Russell's supervision on September 20, 2013 when he failed to abide by sex offender treatment program rules. (*Id*.) The Court sentenced Russell to six months imprisonment followed by 114 months of supervised release. (Doc. 54.) Russell then received one low-level compliance violation in 2014. (Doc. 82 at 4.) And, in 2016, Russell received two additional low-level compliance violations. (*Id*.) Each of the three violations were handled internally by Russell's probation officer rather than being reported. (*Id*.)

Russell has completed all treatment programs, including sex offender treatment in 2018, has met all of his financial obligations, has been actively employed since November 14, 2014, and has remained a law-abiding citizen. (*Id*.) Russell has completed over 9 years of his 10-year term of supervised release. His supervision is scheduled to expire on October 2, 2020. (*Id*.)

Federal law authorizes a defendant to move for termination of his supervised release after successfully completing one year if the Court is satisfied that such action remains "warranted by the conduct of the defendant and the interests of justice." 18 U.S.C. § 3564(c). The Court must consider the factors in 18 U.S.C. § 3553(a) when evaluating whether to terminate a term of supervised release.

United States Probation Officer Kade Henderson currently supervises Russell and does not oppose early termination of Russell's supervised release. (Doc. 82 at 4.) Officer Henderson reported that Russell has "made great changes in his life." (*Id*.) The record reflects that Russell has complied substantially with his supervision conditions. Russell has demonstrated that he is able to conform his conduct to the law. Russell has changed his lifestyle to address the Court's obligations. Russell does not pose a threat to the community. The factors in 18 U.S.C. § 3553 support an early termination of supervised release.

Accordingly, **IT IS ORDERED**:

1.      Defendant's Motion for Early Termination of Supervised Release (Doc. 81) is **GRANTED**.

DATED this 9th day of January, 2023.

_____
Brian Morris, Chief District Judge
United States District Court